IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE DEJESUS RODRIQUEZ,

        Plaintiff,                      No. CIV S-08-2440 FCD EFB PS

    vs.

THE WORKERS' COMPENSATION APPEALS BOARD OF THE STATE OF CALIFORNIA, STOCKTON BRANCH,

                                      ORDER AND FINDINGS
                                      AND RECOMMENDATIONS

        Defendants.
_____/

        This matter is referred to the undersigned pursuant to E. D. Cal. L. R. 72-302(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff, proceeding in this action *pro se*, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. He has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed *in forma pauperis* will be granted.

        The determination that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case at any time if it determines, *inter alia*, that the proposed complaint fails to state a claim on which relief may be granted, or that the court lacks subject matter jurisdiction.

1

The instant complaint challenges the integrity of a compromise and release agreement plaintiff entered into with the California Workers Compensation Appeals Board ("WCAB" or "Board") in May 2007, based on a work-related injury plaintiff sustained in 2005.  The complaint premises federal subject matter jurisdiction on 42 U.S.C. § 1983 and plaintiff's rights to due process and equal protection under the Fourteenth Amendment to the U.S. Constitution, and asserts pendant jurisdiction of plaintiff's due process and equal protection claims under the California Constitution.  Plaintiff contends he was coerced by defendant WCAB to sign a compromise and release form pursuant to which he agreed to an award of compensation far less than that to which he was entitled.  Plaintiff asserts his signature was obtained by defendant's fraud, deceit, and misrepresentation, and by economic duress due to plaintiff's immediate need of funds to support himself and his family.  An exhibit to the complaint is the California Supreme Court's denial of plaintiff's petition for review, on June 11, 2008, following plaintiff's appeal to the Third District California Court of Appeal.  Plaintiff seeks in this court a declaration that the subject compromise and release agreement is null and void; that his case be reopened and the Board find that plaintiff remains disabled; and that defendant be ordered to pay plaintiff's medical expenses and the fair value of his past and present compensation.

Plaintiff fails to assert an actionable federal claim.  The Eleventh Amendment protects states, state agencies, and "arms of the state" from Section 1983 liability absent a clear waiver and consent to suit.  *Quern v. Jordan*, 440 U.S. 332, 337-345 (1979).   Under the "arm of the state" doctrine, a state agency is immune from federal suit under the Eleventh Amendment when in actuality the state is the real, substantial party in interest.  *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464 (1945).  Moreover, neither a state nor its officials acting in their official capacities are "persons" under § 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).   The California Workers Compensation Appeals Board is an arm of the state of California, is entitled to Eleventh Amendment immunity, is not a person for purposes of Section 1983 liability, and is entitled to dismissal of the instant complaint.

The cases relied upon by plaintiff are readily distinguishable. The state law equitable claim for economic duress recognized in *Johnson v. International Business Machines Corp.*, 891 F. Supp. 522, 529 (N. D. Cal.1995), involved a contractual agreement between private parties which obtained the jurisdiction of the federal court based only upon the parties' diversity of citizenship. Similarly, in *Rich & Whillock, Inc. v. Ashton Development, Inc.*, 157 Cal.App.3d 1154, 1158 (4th Dist. 1984), the court analyzed the state law claim of economic duress in the context of a dispute between private parties ("California courts have recognized the economic duress doctrine in private sector cases for at least 50 years").

The factual predicate for this action and the relief sought demonstrate that plaintiff is unable to assert any cognizable federal claim against the California Workers Compensation Appeals Board. *Cf., Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (a *pro se* plaintiff proceeding *in forma pauperis* is entitled to notice and an opportunity to amend unless it is clear that no amendment can cure the defects of a complaint). Accordingly, the court will recommend dismissal of the complaint without leave to amend.

For the foregoing reasons, it is hereby ORDERED that plaintiff's application to proceed in forma pauperis is granted.

Further, it is RECOMMENDED that plaintiff's complaint be dismissed without leave to amend and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the

////

////

////

3

1 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158

2 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3 DATED: November 24, 2008.

                                      EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE